IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMARRIS LATUAN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-068 |
| | ) | |
| JACOB BEASLEY, Deputy Warden of Security and JORDAN WICHER, Deputy Warden of Security, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| JAMARRIS LATUAN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-057 |
| | ) | |
| JACOB BEASLEY and JORDAN WICKER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

On September 1, 2020, Plaintiff, an inmate at Telfair State Prison ("TSP"), submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Williams v. Beasley, 3:20-CV-057, doc. no. 1 (S.D. Ga. Sept. 1, 2020). The Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") and on September 29, 2020, Plaintiff returned his Prisoner Trust Fund Account Statement and Consent to Collection of Fees from Trust Account. Id., doc. nos. 3-5. On that same day, Plaintiff submitted to the Court for filing

another complaint brought pursuant to § 1983.  Williams v. Beasley, 3:20-CV-068, doc. no. 1 (S.D. Ga. Sept. 29, 2020).  Upon initial review of Plaintiff's filings, it appeared Plaintiff filed another complaint brought pursuant to 42 U.S.C. § 1983 containing the same statement of facts and basis for relief as his previously filed September 1, 2020 complaint.  Compare Williams v. Beasley, 3:20-CV-057, doc. no. 1, pp. 5-7 with Williams v. Beasley, 3:20-CV-068, doc. no. 1, pp. 4-5.  Indeed, in both complaints Plaintiff asserts his June 28, 2020 stabbing was a result of inadequate security measures at TSP.  Compare Williams v. Beasley, 3:20-CV-057, doc. no. 1, pp. 5-7 with Williams v. Beasley, 3:20-CV-068, doc. no. 1, pp. 4-5.

As a result, in an Order dated October 1, 2020, the Court instructed Plaintiff to notify the Court whether he intended to bring two separate cases and be responsible for two filing fees.  (See doc. no. 3.)  The Court also instructed the Clerk to file the October 1st Order, and any response from Plaintiff, in both cases captioned above.  (Id. at 2.)  The Court cautioned Plaintiff that if he failed to respond to the October 1st Order within fourteen days, (1) the Court would presume he intended to open only one case, (2) case number 3:20-CV-057, the first case filed, would proceed in the normal course of business, and (3) case number 3:20-CV-068 would be dismissed.  (Id.)  Plaintiff did not respond to the Court's Order directing him to notify the Court whether he intended to bring two separate cases and be responsible for two filing fees.  Accordingly, the Court **DIRECTS** the **CLERK** to **CLOSE** the duplicate case filed on September 29, 2020, CV 320-068.  Plaintiff's claims shall proceed in the normal course of business, subject to the standard frivolity review under 28 U.S.C. § 1915A,

2

in CV 320-065.

SO REPORTED and RECOMMENDED this 16th day of November, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA